Totten, J.,
delivered the opinion of the court.
The record which is before us by writ of error, shows that, in the circuit court of Giles county, Robert Dickson recovered judgment on motion, against Jacob Voorhies for $526.30.
*349 The judgment recites that one Tames McCallum had recovered judgment against said, Robert Dickson at the same term of said court, for the same amount, which judgment was founded upon the following note:
“Pulaski, February 2, 1852, Four months after date, we, or either of us, promise to pay Tames McCallum, or order, five hundred dollars, with interest from date, for value received. A. G-. Williamson,
T. Yooehies,
Robeet Dickson, secwritnjP
And said Dickson alleged that he executed said note as surety for said Yoorhies,-“which fact appeared to the court from the face of (Said promissory note; thereon the said judgment was rendered for the surety against the principal, for the sum above .stated.
The summary remedy by motion in a case like this, is given by the act of 1809, ch. 69, which provides that when judgment is rendered against a surety in any note, bill, bond, or obligation, -he may obtain judgment by motion, against the “principal obligor or obli-gors, or their representatives,” for the amount of the judgment rendered against the surety.”
It is a settled rule that the remedy by motion must be strictly construed and confined to the very cases stated by the statute which gives it. . And, therefore, when the words are “the officers and his sureties shall be liable on motion,” &c., all the sureties are meant, and ¿he motion will not lie against part of them. 2 Meigs’ Dig., 976. Rice vs. Kirkman, 3 Humph., 415. Houston vs. Dougherty, 4 Humph., 505.
How, in the present case, it appears prima facie, that Williamson and Yoorhies are principals, and Dickson *350 the surety in said note. But Ms Honor, the circuit judge, assumed upon the face of the note, which is incorporated in the judgment, as the evidence on which it is founded, that Dickson was surety only for Voorhies. This is an erroneous conclusion from the facts recited. Williams is a joint promissor, and we are to presume, in the absence of proof to the contrary, that he is a principal.
The motion lies against the “ principal obligor, or obligors, or their representatives.” If there be more than one principal it lies against them jointly, and separate judgments cannot be rendered against such in favor of a surety who has made no payments on the judgment rendered against him.
There is no reason for a motion against one only when two or more are equally liable, as no notice is required, and no delay in the proceedings can ensue by reason of making all the principals defendants to the motion. It has been held that if one of the ob-ligors be dead the motion will lie against the survivor or survivors. 3 Humph., 415. 4 Humph., 515. Or it may be against the survivor and the personal representative of the deceased obligor, on legal proof of his representative character; for, by the -words of the statute, the representative is liable to the motion.
There being error in the judgment let it be reversed.